Mr. Justice Prat
delivered the opinion of the court.
This case comes up on appeal from the superior court of chancery.
The fapts are, that in the year 1805 one William Brokus, Sen., then a citizen of the county of Claiborne, departed this life, having first made and executed his last will and testament.
The only items of the will involved in the determination of this case are the following:
Item 1.1 give and bequeath to my only daughter Ann, so long as she live, for the support of herself and children, the plantation whereon I now live, with negroes, Pitcher, Sambo, Charlotte, Mary, Fortune, Phil and Cine, and when it may please the Almighty that her dissolution shall take place, I desire, that the before-mentioned seven negroes and their increase shall revert to gross estate, and be. disposed of as hereinafter set forth.
Item 2. Whenever the death of my daughter Ann may take *913 place, I desire and bequeath to my beloved grandsons, Stephen and William Minor, the plantation whereon I now live, &c. And *n case either should die, the survivor shall be his heir; but should Stephen and William Minor live to maturity and should have an inclination to marry and settle themselves, even prior to being of the age of twenty-one, in such case my executors are hereby empowered to deliver to one or both of them the proportionate part of the sales of the whole amount of my estate, with the proportion of such increase as may be made thereon.
Item 4. My will and desire is that, immediately after my decease, all and every of my past debts be discharged, and that all my lands, horses, cattle, &c., not otherwise disposed of herein, shall be sold to the best advantage on one year’s credit; and that the disposal and management of the entire of my affairs from my decease forward be placed in the hands and under the care of my executors hereafter named.
Stephen Minor died in the year 1821, and Ann his mother, the daughter of the testator, in the year 1831.
It is stated in the bill that James Stewart, one of the appellees, has in his possession the slave Mary, being one of those bequeathed to Ann, and that she has several children.
It is futher stated, that Thomas 33. Magruder, also one of the appellees, has in his possession the slave Fortune, another of those bequeathed to Ann.
Upon these facts the appellant prays,' that the appellees may be compelled to deliver to him the said slaves, &c., and for such other and further relief, &e.
The bill was taken pro confesso against James Stewart for the want of an answer; and the answer of Thomas Magruder and wife admits the facts here stated; but further he states, that he is possessed of the said slave by right of his wife, who, he alleges, was the lawful heir- of the testator, William Brokus, Sen., and that the said slave was undisposed of by his will.
The chancellor dismissed the bill of the appellant, and decreed that he pay to Magruder and wife their costs expended in the suit, and that Stewart pay costs to the appellant.
The question presented by this statement of facts is, whether *914 the appellant, as legatee under the will of William Brokus, Sen., is entitled to the specific slaves mentioned in his hill and admitted to be in the possession of the appellee?'
It is admitted that the slaves in question are a part of those bé'queathed by the said Brokus to his daughter Ann, during her life.
. The will declares, that on the death of the said Ann the seven slaves bequeathed to her for life, with their increase, shall revert to gross estate, and be disposed of as afterwards directed. No specific bequest of those slaves, except to Ann for life, as above stated, is contained in the will.
The deduction from these facts is conclusive against the right of the appellant to the possession of the specific slaves set forth in his hill; his other rights under the will, if he have any, are not presented for adjudication in this case, and therefore we give no opinion in reference to them.
The only additional matter material to consider is the effect of the pro confesso against Stewart. If Stewart was the sole defendant, or his rights depended upon distinct facts, his default in appearing and answering would have been an admission of the facts charged in the hill. But it would be unwarrantable to hold, that because one of the defendants had made, default, the plaintiff should have a decree even against him, when the court is satisfied from the facts presented by the others, that the plaintiff is not entitled to a decree.
We are, therefore, of opinion, that the decree of the chancellor should be affirmed with costs,